IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEOFFREY DANIEL HESSER,

                Petitioner,

v.

LIZZIE TEGELS,

                Respondent.

OPINION and ORDER

20-cv-461-jdp

---

Geoffrey Daniel Hesser, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges judgments of conviction for second-degree sexual assault by use or threat of force or violence entered in Marathon County Case No. 2015CF977. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Hesser raises one claim that he exhausted on appeal: the trial court excluded week-old Facebook messages between Hesser and the victim, Andrea Fletcher (Hesser's girlfriend), suggesting that Fletcher was interested in role-playing being raped. Hesser raises another claim that he admits he did not exhaust: that his trial counsel was ineffective in several ways, including by failing to (1) request that Hesser's testimony be read to the jury during deliberation; (2) call an expert witness to provide an alternative explanation for Fletcher's injuries; (3) introduce prior inconsistent statements by Fletcher suggesting that she consented to sexual intercourse; and (4) object to prejudicial evidence revealing that Hesser's relationship with Fletcher had started when Fletcher was a minor. Although Hesser does not separately list his appellate counsel's performance as ineffective, I take him to be saying that his ability to exhaust these claims was hamstrung by his appellate counsel from the public defender's office

refusing to raise an ineffective-assistance-of-counsel claim against fellow public-defender trial counsel. Hesser asks the court to stay his habeas petition and hold it in abeyance while he takes his unexhausted claims to the state courts.

Under *Rhines v. Weber*, 544 U.S. 269 (2005), courts may stay a petition containing both exhausted and unexhausted claims when outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims. *Id.* at 275. Hesser no longer has any time remaining on his federal clock in which to initiate the state court exhaustion process and return to federal court after completing it. *See, e.g.*, *Hatcher v. Tegels*, No. 18-cv-75-wmc, 2018 WL 840164, at *2 (W.D. Wis. Feb. 13, 2018) (collecting cases). Outright dismissal of this petition would end his chance to pursue his already exhausted claims.

But stay and abeyance is available only if there is good cause for the petitioner's failure to exhaust his claims in state court, the unexhausted claims are not plainly meritless, and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay. Hesser's claims are not plainly meritless, and his appellate counsel's actions appear to be good cause for Hesser to not have exhausted his ineffective-assistance-of counsel claims the first time through the state-court process. But Hesser has not presented this court with enough information to tell whether he still has good cause for failing to make progress on exhausting his claims. My review of state-court electronic records shows that Hesser has not yet filed a postconviction motion raising his ineffective-assistance-of-counsel claims.[1] Hesser states that the COVID-19 pandemic has hampered his efforts to find an expert who would testify about Fletcher's injuries, but he does not explain any particulars of who he has tried to contact to

---

[1] Available at https://wcca.wicourts.gov.

serve as an expert or how the pandemic has stopped him from obtaining help. I will not stay the habeas case indefinitely for Hesser to find an expert; if he cannot find an expert he may have to seek postconviction relief without that aspect of his claim.

Before deciding whether the case should be stayed for Hesser to exhaust his unexhausted claims, or whether I should dismiss the unexhausted claims and have the case proceed with only his first claim, I will give Hesser a chance to explain his plans for exhausting his unexhausted claims, in particular stating: (1) specifically when he plans to file his postconviction motion; and (2) how he intends to find an expert to testify about Fletcher's injuries. If Hesser fails to respond by the deadline set below, I will dismiss his unexhausted claims and the petition will proceed with only his first claim.

ORDER

IT IS ORDERED that petitioner Geoffrey Daniel Hesser may have until November 12, 2020, to respond to this order regarding his unexhausted claims.

Entered October 21, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge